# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4566 | **DATE** | 8/25/2008 |
| **CASE TITLE** | Francine Yates vs. Chicago Transit Authority et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, plaintiff's amended application to proceed *in forma pauperis* [5] is denied without prejudice and her original application to proceed *in forma pauperis* [4] is denied as moot. Plaintiff may either: (1) pay the $350 filing fee to continue with the complaint as pled; or (2) file an amended complaint that comports with Rule 8 along with a new request to proceed *in forma pauperis*. Failure to file an amended complaint or pay the filing fee within 60 days will lead to dismissal of the case with prejudice.

■[ For further details see text below.] Docketing to mail notices.

## STATEMENT

Between July 21, 2008 and August 15, 2008, plaintiff Francine Yates ("Yates") filed six separate *pro se* complaints in this district: 08 C 4127 (Aspen, J.), 08 C 4351 (Coar, J.), 08 C 4363 (Kennelly, J.), 08 C 4653 (Kennelly, J.), 08 C 4597 (Dow, J.), and the instant case (08 C 4566). Several of the complaints appear to be duplicates against the same defendants, while others are against different defendants. All are long and presented in a non-standard format.

Along with her complaint, Yates filed an application to proceed *in forma pauperis* ("IFP"), which she subsequently amended to include information on a temporary summer job. In assessing whether to grant an application to proceed IFP, the court must review the complaint to ensure that it states a claim upon which relief can be granted and is not frivolous. *See* 28 U.S.C. § 1915(e)(2)(B); *see, e.g.*, *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007); *Lee v. Clinton*, 209 F.3d 1025, 1027 (7th Cir. 2000).

The complaint in this case is 62 pages long, including exhibits. Fifty pages of the document contain an account of Yates' experiences and legal complaints, in a format that is akin to a novel with legal citations. The gist of Yates' complaint appears to be that her former employer, Chicago Transit Authority, discriminated against her because of her diagnosis of major depression and anxiety, and conspired with its insurance companies, Unicare Health Insurance and Sedgwick CMS, to deprive Yates of her job and disability benefits. Other allegations seem to be directed toward police officers for sexual harassment and discrimination, which may be why Yates names the City of Chicago and the State of Illinois as defendants. Yates alleges that she has suffered greatly as a result of the defendants' actions and is now homeless and destitute.

The complaint suffers from several major deficiencies, not least of which is its failure to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It also

**STATEMENT**

violates the requirement that "[e]ach allegation must be simple, concise and direct." *Id.* 8(d)(1). As currently pled, the defendants will be unable to understand the claims against them or answer the complaint due to the length of the paragraphs, the narrative format, the conclusory and speculative nature of many allegations, the inclusion of extraneous factual material, and the inclusion of legal argument and citation. Although a *pro se* litigant is entitled to a liberal reading of her complaint, she is not excused from compliance with basic Federal Rules. Because the complaint entirely fails to comply with Rule 8 requirements, the court denies leave to proceed IFP without prejudice. *See Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (observing that it is appropriate for a district court to dismiss a prolix and/or confusing complaint under Rule 8); *Perrian v. O'Grady*, No. 88 C 4205, 1988 WL 67661, at *1 (N.D. Ill. June 17, 1988) (denying IFP application where the complaint was "unnecessarily confusing and prolix").

If Yates wishes to have the court reconsider her application to proceed *in forma pauperis*, she must renew her application and file an amended complaint that comports with Rule 8 requirements. If Yates wishes to continue prosecuting the case with the complaint she has already filed, she must pay the $350 filing fee to the clerk of the court. In either case, Yates is urged to contact the court's *pro se* help desk to get free advice on how to proceed in accordance with the Federal Rules. Yates may call the Intake Desk at 312-435-5691 or stop by the Clerk's Office at the courthouse to make an appointment with the help desk attorneys. The court suggests that Yates also review with the help desk attorneys whether some, or all, of her complaints should be consolidated as related or withdrawn as duplicative. Yates may renew her motion for leave to file *in forma pauperis* when she files an amended complaint in accordance with Rule 8 for the court's consideration. Failure to either file an amended complaint or pay the $350 filing fee within 60 days will result in the complaint being dismissed with prejudice.